GEORGE W. RHYMES *v.* JACKSON ELECTRIC RAILWAY, LIGHT AND POWER COMPANY.

1. PRACTICE. *Peremptory instruction.*

A peremptory instruction should not be given for the defendant if the state of the evidence be such that the court would not vacate a verdict predicated thereof in plaintiff's favor.

2. STREET RAILROADS. *Negligence. Motorman.*

A motorman who allows his car to run down a sharp grade, past a number of persons engaged in picking up packages on the edge of the track, at the place of a recent accident, with no control of the car, and without sounding an alarm, is guilty of such gross negligence as to justify a verdict for injuries to one of the persons engaged, though the latter may be guilty of contributory negligence.

FROM the circuit court of, first district, Hinds county.

HON. DAVID M. MILLER, Judge.

Rhymes, the appellant, was plaintiff, and the Street Railway Company, the appellee, was. defendant in the court below. From a verdict, predicated of a peremptory instruction, in defendant's favor and a judgment thereon, the plaintiff appealed to the supreme court.

The facts are fully stated in the opinion of the court.

*Harris, Powell & Harris,* for appellant.

It would seem that a bare statement of the facts would be a sufficient argument to show that the learned court below erred and that at best the case was one for the jury. The defendant had no more right to the street than the plaintiff. Joyce on Electric Law, sec. 570; Croswell on Law of Electricity, sec. 740 *et seq.*

In using the street under the facts and circumstances shown in this case, vigilance was not only a moral, but a legal, duty of the defendant.

It might be that in sparsely settled portions of the city, or where the streets were clear of vehicles and pedestrians, it would not be negligence to run at a speed of eight miles an hour without sounding a gong or keeping a lookout or keeping hold of the brake, even though it were defective; but surely, to do these things when the street was filled with people, with a wrecked wagon within three feet of the track, with the attention of the people directed to the wreck and their hearing dulled by the roar of many voices talking all at once, was gross and reckless negligence amounting to willful wrong. Surely the motorman ought to have seen that the attention of the crowd was diverted by the wreck and their hearing impeded by the assembled voices; surely he ought to have known as a matter of common knowledge that excited crowds sway back and forth; certainly he ought to have seen the appellant between the track and the wreck in less than three feet of the track, with his back

turned to the track, busily engaged in loading the vehicle, with the crowd gathered around him, and that it would be a close shave to pass him; or, if he did not see appellant thus engaged, he must have known that some one was so engaged and could not be on the lookout for danger. Under such circumstances the highest care is due. *Montgomery* v. *Lansing Elec. Ry. Co.,* Mich., 1894 (5 Am. Elec. Cas., 471); Joyce on Electric Law, sec. 575; Croswell on Law of Electricity, sec. 741, note 1, *et seq.*

The motorman, presumably, as he approached the crowd, was cool and collected, and could take in the whole situation; while appellant, with his hands and eyes upon his work and the roar of the crowd in his ears, had no such advantage. We submit that under these circumstances to take one step backward as he finished his job before looking up was not negligence, but the same thing would have been done by the average prudent citizen similarly situated; or, if this was negligence, still the company's servants were guilty of such gross negligence as that mere negligence would be no defense. *Railroad Co.* v. *Brown,* 77 Miss., 338; *Stevens* v. *Railway Co.,* 81 Miss., 195.

The use of the defective brake under the circumstances surrounding this case was in itself, and of itself, gross negligence. Joyce on Electric Law, sec. 465; *Uggly* v. *Street Ry. Co.,* 160 Mass., 351 (4 Am. Elec. Cas., 389); *Thompson* v. *Rapid Transit Co.,* 40 L. R. A., 172.

*Williamson & Wells,* for appellee.

We are fully aware of the fact that the rule as to the care required of a foot passenger crossing a steam railroad track, that he must "stop, look, and listen," cannot be applied in all of its strictness, or applies only in part, to pedestrians crossing street railroad tracks at intersecting streets, especially in crowded cities, it being the duty of railway companies to have the cars under control as they approach such crossings, and the pedestrian having the right to assume that those operating the

· cars will slow down on approaching a crossing. But, even under such circumstances, there is always the duty to look for an approaching car, and, if the street be obstructed, to listen and, in some instances, to stop, and a plaintiff must be held to have seen that which is obvious; so where it appears that the plaintiff, in crossing a street, is struck by a street car just as she stepped upon the track, the view of which was unobstructed, the court properly instructed the jury that she was guilty of contributory negligence. *McCauley* v. *Phil. Traction Co.,* 13 Pa. Sup. Ct., 354.

In many jurisdictions it is held that one attempting to cross a street railway track on foot is bound to look in both directions for an approaching car, and to listen, if there is any obstruction, and that his neglect to do so is negligence *per se.* 150 Pa. St., 180; 44 La. Ann., 509; 49 La. Ann., 1302; 201 Pa. St., 247.

Even in those jurisdictions where it is held that it is not the absolute duty of the pedestrian to look and listen in every instance where he undertakes to cross the tracks of a street railroad, it may still be determined that as a matter of fact, in some situations, the exercise of ordinary care and prudence would require the traveler to look and to listen before crossing the tracks of a street railroad. 95 Me., 115; 60 N. J. L., 312; 110 Fed. Rep., 496; 74 N. Y. Supp., 599; 177 Mass., 416.

This duty, when required either as a matter of law or as a matter of fact, should be exercised when and where it will be reasonably certain to effect its purpose; neither will the misconduct of the railway company excuse the non-performance of this duty. 108 Wis., 593; 110 Wis., 331; 53 Atl., 433; 59 Mo. App., 668; 60 Minn., 119.

One is, as a matter of law, guilty of such contributory negligence as will preclude recovery for injuries sustained by being struck by a street car where he neglected when two or three feet from the track to look in the direction of an approaching car in plain view, although he did look when about twelve

feet from the track, but could not see the car because his view was obstructed by a horse and covered wagon standing backed up to the curb of the street. *Doherty* v. *Detroit Ry.*, 118 Mich., 234; *Henderson* v. *Greenfield*, 172 Mass., 542.

One walking at a place between street crossings, behind a wagon driven on one of two street railway tracks, which prevented him from seeing a car approaching on the other track, is guilty of such contributory negligence as will prevent recovery, in stepping upon the other track without looking to see whether a car is approaching on the same. *Bethel* v. *Street R. Co.*, 15 Ohio C. C., 381.

One who attempts, in the middle of a block, to cross a street railway track immediately behind a car, without looking for a car coming from the other direction on the further track, is guilty of such negligence as will preclude recovery for injuries sustained by collision with such car. *Burgess* v. *Salt Lake R. Co.*, 53 Pac., 1013.

One who attempted to run diagonally across an electric railway track immediately in front of an approaching car, which he could have seen if he had looked, has been held guilty of such contributory negligence as will prevent a recovery for his death. *Doller* v. *Union R. Co.*, N. Y. Supp., 770.

A person exercising due care in looking for approaching vehicles has a right to cross a city street at any point without being chargeable with contributory negligence, yet he is chargeable with negligence if he sees an approaching car, or could have seen one by the exercise of reasonable care, and does not take proper steps to avoid it. *McClain* v. *Brooklyn City R. Co.*, 116 N. Y., 459; *Adolph* v. *Central Park R. Co.*, 76 N. Y., 530; *Davenport* v. *Brooklyn City R. Co.*, 100 N. Y., 632.

One who attempts to cross a street car track in front of a car running seven miles an hour, when it is only a few feet distant, is guilty of contributory negligence, although the company was also negligent. *Watson* v. *Mound City R. Co.*, 34 S. W., 573.

Where a pedestrian is standing near a car track at night, upon a frequented thoroughfare, giving no indication of an intention to cross and attempts to cross only when a rapidly moving car is so near him as to render it practically impossible for the motorman to prevent striking him, there can be no recovery for injuries sustained. *Knoker* v. *Canal, etc., R. Co.,* 52 La. Ann., 806.

One unloading a wagon at a point so near the track as to expose himself to danger, who knew that the cars were continually passing, cannot recover for injuries sustained. *Davis* v. *People's R. Co.,* 159 Mo., 1.

Contributory negligence is the want of ordinary care to avoid injury from the act of another. One who contributes directly to his own injury by a failure to use due care, which would have saved him from harm resulting from the negligence of another, cannot recover. *Railroad Co.* v. *McGowan,* 62 Miss., 682; *Railroad Co.* v. *Alexander,* 62 Miss., 496.

Nothing less than wanton, reckless, or intentional negligence on the part of the defendant, alleged and proved, is sufficient to overcome the contributory negligence of the plaintiff. *Jones* v. *Ala. Mineral R. Co.,* 107 Ala., 400.

Applying the above principles of law to the facts of the instant case, it is readily seen that at the close of the plaintiff's testimony it was entirely proper that the court should have sustained the motion to exclude the evidence, which was done.

The plaintiff, according to his own and the testimony of his other witness, was standing in the street, between the railway track and the curb, engaged in assisting Sam Proctor in reloading the express wagon, at the very time when the car of the defendant came along on its track, which was free and unobstructed. There was nothing in the acts of the plaintiff, as testified to by him and the other witness, to indicate that the plaintiff had any idea of crossing the track of the railway; and, in fact, the testimony shows that he had no idea of doing so

until he was requested to go across the street to get the safe. At this time the street car was immediately upon the scene, and Sam Proctor, on looking up, saw the car just in time to avoid being struck by it as he passed upon the track. The testimony shows that there was no obstruction of any kind to obscure the vision of the plaintiff if he had only looked. His eyesight was good. All of the persons who had gathered around the wagon out of interest or curiosity were on the outside of the track, between the curb and the railway track, and Sam Proctor says that there was nothing to have prevented the plaintiff from looking and seeing the car and escaping injury, as was done by Proctor, but that plaintiff did not look and walked upon the track and was instantly struck by the car. There was an effort made by the testimony to prove some neglect on the part of the motorman by the fact that he was not ringing his bell, and that the car was running at a dangerous rate of speed, but the effort fails wholly, for the reason that the witness, even under the most leading examination, refused to estimate the speed of the car at more than eight miles per hour, which he said was the usual and customary speed of the cars, and there was nothing shown by the evidence which required the motorman to ring any bell or sound any alarm. The track was clear, it was in the middle of a block, and no indications existed to put him on notice that any person would undertake to cross the tracks. The plaintiff himself said that he did not look; that he knew of the frequent passage of the cars on the track, having been familiar with the surroundings for four years; and that he undertook to cross the track in the middle of a block, not at a crossing, when the car was right at him, without even so much as raising his eyes to see whether or not he could, with reasonable safety, go upon and across the tracks.

Argued orally by *J. B. Harris,* for appellant, and *Ben H. Wells,* for appellee.

CALHOON, J., delivered the opinion of the court.

In this case, which is an action for damages for personal injuries from being struck by a street car of the appellee company, no evidence was offered by the company, but the court sustained its motion to exclude the evidence introduced for the plaintiff and for a peremptory instruction to the jury to find for the defendant. In this situation, the question is whether the court would or should have set aside a verdict if found for the plaintiff on the testimony offered for him.

The case shown is that the delivery wagon of an express company had cast a wheel, and was broken down and turned over on its side on the street car track, and the horses had run away. Express packages were scattered around, and the safe for valuable packages was sent across the street to a store for safety. A considerable crowd collected at the scene of the accident, one of whom was Rhymes—a citizen not connected with the express company or the street car company. He, with others, immediately proceeded to right up the wagon, get it off the track, and pick up and put back into it the scattered packages. While they were so engaged, the horses had been caught and rehitched to the wagon. The rear end of the wagon was north of the track, and but three feet from the street car track, and into this rear end Rhymes and one Proctor had just put the last package—a large crate of hats—when they were asked to go across the street to the store for the safe, which was south of the track. Rhymes turned to do so, and, as he turned, was struck by the part of the car jutting over the track, and dragged some distance. He does not think he made a step, but may have made one. He could have seen the car if he had looked. The scene was in a broad street, and the car track was in its center, with a straight view for one hundred yards. The car was running west, and down a steep grade, moving from eight to ten miles an hour; and the motorman was not looking down his track, but at the crowd along its edges, did not have his hand on his

brake, according to custom, did not slow up or sound any alarm, and said at the time: "My old brakes ain't any account."

Under this presentation of facts, we think the case should have been left to the jury to determine whether, with his preoccupation and his surroundings, plaintiff was guilty of contributory negligence, and, if he was, whether the motorman was not guilty of such gross negligence as to make recovery by the plaintiff proper.

The degree of care required of motormen of electric cars varies with varying situations and circumstances, and what would be slight or no negligence in some conditions might well be regarded as gross in others. Running down a sharp grade, in the daytime, with the unusual spectacle of a throng of preoccupied people on the edge of the track at the scene of a recent accident, with no control of the car, and without sounding an alarm, would be gross negligence, and such as would justify a verdict for damages notwithstanding the act of the plaintiff. He shows such a case by his witnesses, and unless it is varied by evidence for the company, it warrants the jury in a verdict for plaintiff.

*Montgomery* v. *Lansing, etc.* (Mich.), 61 N. W., 543 (29 L. R. A., 287), cited by counsel, is precisely in point, and we approve and follow it. *Thompson* v. *Salt Lake, etc.* (Utah), 52 Pac., 92 (40 L. R. A., 172; 67 Am. St. Rep., 621).

*Reversed and remanded.*